IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ALBERT BONIELLA, </br>     Petitioner, </br> </br>     v. </br> </br> </br> PENNSYLVANIA, </br>     Respondent. | Civil Action No. 17-1602 |

O R D E R

AND NOW, this 28th day of June, 2018, after the petitioner, David Albert Boniella, filed a petition for a writ of habeas corpus (Doc. No. 5), and after the respondent filed a motion to dismiss (Doc. No. 12), and after a Report and Recommendation (Doc. No. 15) was filed by the United States Magistrate Judge granting the parties a period of time after being served with a copy to file written objections thereto, and upon consideration of the objections filed by the petitioner (Doc. No. 16), and upon independent review of the petition and the motion and the record, and upon consideration of the Magistrate Judge's Report and Recommendation, which, as supplemented by footnote 1 of this Order, is adopted as the opinion of the Court,

IT IS ORDERED that the motion to dismiss the petition for a writ of habeas corpus filed by the respondent (Doc. No. 12) is GRANTED, the petition is DISMISSED, and, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.[1]

        s/ Alan N. Bloch_____
        Alan N. Bloch
        United States District Judge

cc:    David Albert Boniella
       572 Harmony Church Rd.
       Belle Vernon, PA 15012

---

[1] The Court notes that the petitioner's objections to the Report and Recommendation fail to acknowledge the fact that he was not in custody, as required by 28 U.S.C. § 2254(a), at the time he filed the instant petition. The cases to which he cites discuss the issues of mootness and collateral consequences, concepts which apply not in determining whether a petitioner has met the in custody requirement, but rather in determining whether the petitioner continues to have standing if he or she is released from custody subsequent to filing the petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafus v. LaVallee, 391 U.S. 234, 238 (1968). These issues have no application in this case, as it is clear that the petitioner was not, in fact, in custody when the petition was filed.